IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN BERMAN,

        Plaintiff,

    v.

DEPT. OF POLICE AND CITY OF
VACAVILLE, CALIFORNIA, et al.,

        Defendants.

Case No. 18-cv-03108-MMC

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS OR,
ALTERNATIVELY, TO TRANSFER;
DISMISSING IN PART AND
TRANSFERRING IN PART**

Re: Dkt. No. 20

    Before the Court is the Motion, filed January 25, 2019 by defendants City of

Vacaville ("Vacaville"), Chief of Police John Carli ("Chief Carli"), Sergeant David Spencer

("Sergeant Spencer"), and Police Officer Julie Bailey ("Officer Bailey") to "Dismiss

Plaintiff's First Amended Complaint and for a More Definite Statement, and/or

Alternatively, Motion to Transfer Venue to the Eastern District of California." Plaintiff

John Berman ("Berman") has filed opposition, to which defendants have replied. Having

read and considered the papers filed in support of and in opposition to the motion, the

Court rules as follows.[1]

**BACKGROUND**

    In the operative complaint, the First Amended Complaint ("FAC"), Berman asserts

defendants violated federal and state law when they allegedly engaged in the following

acts: (1) on December 3, 2015, Officer Bailey "unlawfully threaten[ed] Berman with the

issuance of AMBER alerts" (see FAC ¶ 4); (2) on May 21, 2016, Officer Bailey "falsely

arrested" Berman and wrote a "false arrest 'narrative'" that was "signed-off" on by

---

[1]By order filed March 15, 2019, the Court took the matter under submission.

1   Sergeant Spencer (see FAC ¶ 15); (3) on May 21, 2016, Officer Bailey "signed an

2   Emergency Protective Order" ("EPO") and based it on the allegedly false information set

3   forth in the arrest report (see FAC ¶ 23);[2] (4) after his arrest, Berman's automobile was

4   "impounded," and, thereafter, the "Vacaville PD [Police Department] either removed, or

5   allowed to be removed, property items from Berman's car . . . and allowed those items to

6   be given to an individual not authorized to receive the property" (see FAC ¶¶ 16, 18); and

7   (5) on June 6, 2016, as the result of the arrest, the Solano County District Attorney filed a

8   "misdemeanor complaint" against Berman, thereby subjecting Berman to "prosecution

9   without probable cause" until May 3, 2017, the date on which the criminal case was

10  dismissed (see FAC ¶¶ 10, 24; Ex. B).[3]

**DISCUSSION**

12      Defendants argue the above-titled action should be dismissed or transferred for

13  lack of venue, or, in the alternative, should be dismissed for failure to state a claim.  The

14  Court addresses each said argument below.

15  **A.  Claims Based on Alleged December 3, 2015 Threat**

16      As noted, Berman alleges Officer Bailey, on December 3, 2015, threatened to

17  issue an AMBER alert.  (See FAC ¶ 4.)[4]  More specifically, Berman alleges that, while he

18  and his two-year old daughter were at a "Denny's restaurant" in Santa Rosa, California, a

19  city located in the Northern District of California, Officer Bailey made "several phone calls

20  to Berman in Santa Rosa." (See FAC ¶¶ 8, 14.)  According to Berman, he returned

---

22      [2]As Berman clarifies in his opposition, he is asserting Officer Bailey requested issuance of an EPO from "the duty judge."  (See Pl.'s Opp. at 14:25-27.)

23      [3]The FAC includes no allegations against Chief Carli beyond a conclusory

24  assertion that he is "responsible for the department policy and practices that allow and encourage false reports."  (See FAC ¶ 6.)

25      [4]California has "adopted the California Child Safety America's Missing Broadcast

26  Emergency Response (AMBER) Network (CCSAN)."  See Azam v. City of Pleasanton, 2008 WL 111221, at *1 (N.D. Cal. January 9, 2008).  "The network is a statewide

27  notification system that disseminates pertinent information concerning child abductions to law enforcement agencies, media outlets and the public to aid in locating the child and

28  abductor quickly."  Id.

1    Officer Bailey's calls and told her that, before he had arrived at the restaurant, he spoke

2    to the Santa Rosa police to advise them of his "whereabouts and [to] summarize the

3    situation to them" (see FAC ¶¶ 13-14), but Officer Bailey, rather than "requesting the

4    Santa Rosa police to go to Denny's to check on the child," instead made "threats that

5    [she] would issue an AMBER alert on Berman" (see FAC ¶ 14).[5]

6         In the FAC, Berman asserts that Officer Bailey's alleged threat violated § 52.1 of

7    the California Civil Code.  (See SAC ¶ 25); see also Cal. Civil Code § 52.1(a) (providing it

8    is unlawful to "interfere[ ] by threat, intimidation, or coercion, or attempt[ ] to interfere by

9    threat, intimidation, or coercion, with the exercise or enjoyment by any individual or

10   individuals of rights secured by the Constitution or laws of the United States, or of the

11   rights secured by the Constitution or laws of this state").  Berman also asserts the alleged

12   threat constitutes a violation of 42 U.S.C. § 1983 and was made pursuant to a municipal

13   "practice" of "interjecting intimidation and threats into Santa Rosa."  (See FAC ¶ 26.)

14        As to the claims based on Officer Bailey's alleged threat, defendants first argue

15   venue is improper in this District.

16        In his FAC, Berman alleges venue is proper because a "substantial part of the

17   events giving rise to the claims" occurred in the Northern District of California (see FAC

18   ¶ 2); see also 28 U.S.C. § 1391(b)(2) (providing venue is proper in "a judicial district in

19   which a substantial part of the events or omissions giving rise to the claim occurred").  In

20   particular, Berman alleges, Officer Bailey "knowingly acted into Sonoma County and

21   unlawfully violated [his] civil rights."  (See FAC ¶ 2.)  Although, as defendants point out,

22   Vacaville, the city where Officer Bailey was employed and arguably made the alleged

23   threat of an AMBER alert, is located in the Eastern District of California, such threat was,

24   in effect, a threat to have Berman arrested in Santa Rosa and Berman alleges he

25

26        [5]Berman alleges that, at the time he was contacted by Officer Bailey, he and the
     mother of the child were involved in a custody dispute.  (See FAC ¶ 12.)  In a prior
27   complaint filed in state court, Berman alleged Officer Bailey "threatened that the AMBER
     alert would be initiated if [Berman] did not have his daughter and himself registered at a
28   motel within 15 minutes."  (See FAC Ex. A ¶ 7.)

3

1    experienced "fear, grief, and severe emotional distress" when he received it, at which

2    time, as noted, he was in a restaurant in Santa Rosa.  (See FAC ¶ 25.)  Given Berman's

3    allegations, the Court finds venue as to this claim is proper.  See Myers v. Bennett Law

4    Offices, 238 F.3d 1068, 1075-76 (9th Cir. 2001) (holding "substantial part" of events

5    giving rise to tort claim occurs in district where alleged harm "felt").

6        Defendants next argue the claims based on Officer Bailey's alleged threat fail to

7    state a claim upon which relief can be granted.  As set forth below, the Court finds this

8    alternative argument persuasive.

9        To the extent Berman seeks monetary relief under § 52.1 for the alleged threat,[6]

10    his cause of action is barred, in that he failed to present a timely claim to Vacaville before

11    filing the instant action.  Berman does not dispute that he was required to submit such a

12    claim.  See Cal. Gov't Code § 945.4 (providing, with exceptions not applicable here, "no

13    suit for money or damages may be brought against a public entity on a [state law] cause

14    of action . . . until a written claim therefor has been presented to the public entity and has

15    been acted upon by the [entity], or has been deemed to have been rejected"); Gatto v.

16    County of Sonoma, 98 Cal. App. 4th 744, 763-64 (2002) (holding "claim filing

17    requirement" applies to claims for damages under § 52.1).  The deadline to present a

18    claim is "not later than six months after the accrual of the cause of action."  See Cal.

19    Gov't Code § 911.2(a).  As the threat here was allegedly made on December 3, 2015,

20    Berman's deadline to present a claim was June 3, 2016.  Berman alleges, however, he

21    did not present a claim until November 19, 2016.  (See SAC ¶ 9.)  Consequently, his

22    claim for damages under § 52.1 is barred.  See Ortega v. O'Connor, 764 F.2d 703, 707

23    (9th Cir.1985) (holding failure to timely present claim is bar to maintaining state law

24    claims for damages against governmental entity and its employees), rev'd on other

25    grounds, 480 U.S. 709 (1987).

26

27        [6]In his opposition, Berman does not assert or otherwise suggest he is pursuing
28    damages under his § 1983 claim.

4

1    To the extent Berman seeks injunctive relief, under either § 52.1 or § 1983, such

2  claim fails, as Berman does not allege any facts to support a finding he faces a "real and

3  immediate threat" that a Vacaville police officer will unlawfully threaten to issue an

4  AMBER alert against him, or take similar measures to cause him to be arrested by

5  officers in Santa Rosa or any other jurisdiction.  See City of Los Angeles v. Lyons, 461

6  U.S. 95, 105 (1983) (holding plaintiff injured by officers' use of chokehold could not seek

7  injunction against future use of chokeholds, where he failed to show there existed "real

8  and immediate threat" he would be subjected again to such restraint).[7]

9    Accordingly, to the extent Berman's claims are based on Officer Bailey's alleged

10  threat, the claims are subject to dismissal.

11  **B.  Remaining Claims**

12    Berman's remaining claims arise from the following acts: (1) Berman's arrest in

13  Vacaville based on acts Officer Bailey asserted Berman committed in Vacaville;

14  (2) Officer Bailey's application for an Emergency Protective Order based on the same

15  acts she asserted Berman committed in Vacaville; (3) defendants' allowing property to be

16  removed from Berman's automobile while it was impounded in Vacaville; and (4) the

17  Solano County District Attorney's prosecution of Berman.

18    Defendants argue Berman's claims based on the above-referenced acts are

19  subject to dismissal or transfer for lack of venue.  The Court again agrees.

20    In his FAC, Berman has not alleged a basis for venue as to said claims, nor has

21  he identified any such basis in his opposition.[8]  Berman does not argue, for example, he

22

23    [7]Berman's § 1983 claim fails for the additional reason that a threat alone, even if to
24  commit an act that would, if performed, violate the Constitution, is not actionable.  See
     Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (holding prison guards' "naked threat" to
25  inflict "bodily harm" if prisoner reported prior beating failed to state § 1983 claim;
     observing "no case [exists] that squarely holds a threat to do an act prohibited by the
26  Constitution is equivalent to doing the act itself").

27    [8]In his opposition, Berman's arguments addressing venue are limited to the
     question of whether venue is proper as to the claims that are based on Officer Bailey's
28  December 2015 alleged threat.

1  could amend to allege facts sufficient to support a finding that any defendant resides in

2  the Northern District, see 28 U.S.C. § 1391(b)(1) (providing venue proper in "judicial

3  district in which any defendant resides, if all defendants are residents of the State in

4  which the district is located"), or facts sufficient to support a finding that a "substantial

5  part of the events or omissions giving rise to" his remaining claims occurred in the

6  Northern District, see 28 U.S.C. § 1391(b)(2).[9]

7        Under 28 U.S.C. § 1406, a district court has discretion to dismiss a claim over

8  which venue is lacking, or, in the alternative, to transfer the claim to a district in which it

9  could have been brought.  Here, the Court finds it proper to transfer the remaining claims

10  to the Eastern District, as the applicable statutes of limitations may otherwise bar refiling.

11  See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (holding dismissal for lack of

12  venue improper where dismissal "result[s] in plaintiff's losing a substantial part of its

13  cause of action under the statute of limitations"; observing "language of § 1406(a) is

14  amply broad enough to authorize the transfer of cases, however wrong the plaintiff may

15  have been in filing his case as to venue").

16        Accordingly, the remaining claims in the above-titled action will be transferred to

17  the Eastern District of California.

18                                          **CONCLUSION**

19        For the reasons stated above, defendants' motion to dismiss or transfer is hereby

20  GRANTED, as follows:

21        1.  Plaintiffs' claims based on the threat allegedly made by Officer Bailey in

22  December 2015 are hereby DISMISSED.

23  //

24  //

25

26       [9]Although venue is also proper if "there is no district in which an action may
otherwise be brought" and at least one defendant is subject to personal jurisdiction in the

27  venue the plaintiff selects, see 28 U.S.C. § 1391(b)(3), this third alternative is
inapplicable, as a substantial part of the events giving rise to the remaining claims

28  occurred in the Eastern District and at least one defendant resides there.

2. Plaintiffs' remaining claims are hereby TRANSFERRED to the Eastern District of California.

**IT IS SO ORDERED.**

Dated: March 20, 2019

MAXINE M. CHESNEY
United States District Judge